## Siderio et ux., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street car—Pedestrian—Collision—Personal injuries —Obstructed view—Contributory negligence—Non-suit.*

In an action of trespass to recover damages for personal injuries, a non-suit was properly entered, where the evidence disclosed that plaintiff was injured, while attempting to cross a street, when she admitted that she could not see an approaching trolley car because of the presence of an automobile at or near the street intersection.

In such case the motorman's opportunity of seeing the plaintiff was likewise obstructed by the automobile and there was no negligence on the part of the defendant.

Argued October 12, 1927. Appeals Nos. 201, 202, October T., 1927, by plaintiffs from judgment of M. C. Philadelphia County, March T., 1926, No. 564, in the case of Michael Siderio and Elizabeth Siderio, his wife, v. Philadelphia Rapid Transit Company. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered a non-suit which it subsequently refused to strike off.  Plaintiffs appealed.

*Error assigned* was a refusal to strike off the non-suit.

*Harry A. Gorson,* for appellants.

*Lewis C. Cassidy,* and with him *J. J. K. Caskie,* for appellee.

OPINION BY LINN, J., December 15, 1927:

Plaintiff walking eastward after dark on the north side of Wharton Street, while crossing Eleventh Street, was struck by a street car moving northward on Eleventh Street.  She says she looked south before stepping into the cart way, and that then she saw an approaching street car which she thought was about a square away.  She testified: ''When I got to the first rail I stopped and looked, but could not see anything on account of the machines coming, and then I crossed over.''  She added that an automobile on her right was traveling eastward on Wharton Street, thus apparently shutting off her view of the approaching street car.  Before she got across the track she was struck by the street car.  It was contributory negligence to attempt to cross the tracks in such circumstances, and it is equally clear that if her view of the car which she knew was approaching was cut off by the automobile, the motorman's opportunity of seeing her was likewise cut off by the automobile; there is no evidence of negligence on the part of defendant. The non-suit was proper.

Judgment affirmed.